UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT QUINTONE CRUMMIE,

    Petitioner,                                Civil No. 2:15-CV-12723
                                                    HONORABLE VICTORIA A. ROBERTS
v.                                                     UNITED STATES DISTRICT JUDGE

CATHERINE BAUMAN,

    Respondent,
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

Robert Quintone Crummie, ("Petitioner"), confined at the Alger Correctional Facility in Munising, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for first-degree felony murder, M.C.L.A. 750.316(1)(b); armed robbery, M.C.L.A. 750.529; two counts of assault with intent to commit armed robbery, M.C.L.A. 750.89; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b. Petitioner filed a motion to stay the habeas corpus proceedings and hold the petition in abeyance to permit him to return to the state courts to present claims that were not exhausted with the state courts.

**I. Background**

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Crummie,* No. 311047, 2013 WL 5663228 (Mich. Ct. App. Oct. 17, 2013); *lv. den.* 495 Mich. 993; 845 N.W. 2d 117

1

(2014).

On July 24, 2015, Petitioner filed this application for writ of habeas corpus. [1] Petitioner seeks habeas relief on the following grounds: (1) The evidence was insufficient to convict Petitioner of first-degree felony murder; the judge erred in denying the motion for a judgment notwithstanding the verdict; (2) the judge erred in allowing an unavailable witness' testimony from the preliminary examination to be admitted at trial when the prosecutor and police failed to exercise due diligence in finding the witness; the admission of the testimony violated the Sixth Amendment right to confrontation; and (3) the jury was not instructed on lesser included offenses; Petitioner's Fourteenth Amendment right to due process was violated.

## II. Discussion

Petitioner seeks a stay because he wishes to properly federalize his second and third claims and to raise additional claims which were not exhausted in state court.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *See also Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001).

The Court grants Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust. The outright dismissal of the petition, albeit without

---

[1] Under the prison mailbox rule, this Court assumes that Petitioner filed his habeas petition on July 24, 2015, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1).  A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

The U.S. Supreme Court suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)).  A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v Smith,* 581 F. 3d 410, 419 (6th Cir. 2009).  Further, Petitioner asserts that he did not federalize his second and third claims due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5.  Petitioner also has good cause for failing to raise an ineffective assistance of appellate counsel claim earlier because state post-conviction review would be the first

opportunity that he had to raise this claim in the Michigan courts. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010). Finally, Petitioner did not engage in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting state court remedies, this Court imposes time limits within which Petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within ninety days of receiving this Court's order and returning to federal court within ninety days of completing the exhaustion of state court post-conviction remedies. *Hargrove,* 300 F. 3d at 721. Petitioner's method of exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. *See Wagner,* 581 F. 3d at 419.

If Petitioner is unsuccessful in state court and wishes to re-open this case, he must file an amended habeas corpus petition and a motion to re-open this case, using the same case number that appears on this order. The amended petition and motion to re-open this case must be filed within ninety (90) days of exhausting state remedies for Petitioner's

new claims. Failure to comply with this condition of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014); *cert. denied*, 135 S. Ct. 1403 (2015).

The Court orders the Clerk of the Court to close this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's claims.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 25, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record and Robert Quintone Crummie by electronic means or U.S. Mail on January 25, 2016.

s/Linda Vertriest
Deputy Clerk