## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT QUINTONE CRUMMIE,

     Petitioner,

v.

     Civil No. 2:15-CV-12723
     HONORABLE VICTORIA A. ROBERTS
     UNITED STATES DISTRICT JUDGE

CATHERINE BAUMAN,

     Respondent,

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

Robert Quintone Crummie, ("Petitioner"), confined at the Alger Correctional Facility in Munising, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first-degree felony murder, M.C.L.A. 750.316(1)(b), armed robbery, M.C.L.A. 75.529, two counts of assault with intent to rob while armed, M.C.L.A. 750.89, and possession of a firearm in the commission of a felony. M.C.L.A. 750.227b.

For the reasons that follow, the petition for writ of habeas corpus is DENIED.

### I. Background

A jury convicted Petitioner in Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F. 3d 410, 413 (6th Cir. 2009):

Defendant's convictions arise from an illegal gun transaction. The victim, Marcus Norris, had contacted his cousin Michael Johnson seeking to purchase a weapon. An acquaintance of Johnson, Robert Doss, who was with Johnson at the time, telephoned a man known as "Cease" about purchasing a gun. Doss and Cease arranged the transaction. Johnson, Doss and Norris drove to the planned location and met with the defendant, who Cease had sent to sell Norris a gun. After Norris had paid defendant for the gun, defendant turned the loaded gun toward Norris, Johnson and Doss, and demanded all their money. Johnson and Doss were able to escape from the car and left Norris behind. Norris and defendant wrestled for the gun and Norris was shot in the process.

*People v. Crummie*, No. 311047, 2013 WL 5663228, at * 1 (Mich. Ct. App. Oct. 17, 2013).

Petitioner's conviction was affirmed. *Id.; lv. den.* 495 Mich. 993; 845 N.W. 2d 117 (2014).

Petitioner filed this habeas application, which was held in abeyance so that he could exhaust additional claims in the state courts. (ECF 8).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Crummie,* No. 2011-004659-FC (Third Cir.Ct., Crim. Div., Sept. 20, 2016). The Michigan appellate courts denied leave to appeal. *People v. Crummie*, No. 335982 (Mich.Ct.App. Apr. 11, 2017); *lv. den.* 501 Mich. 1035, 908 N.W.2d 888 (2018).

This Court reopened the case and permitted Petitioner to amend his habeas petition. (ECF 15). Petitioner seeks relief on the following grounds: (1) The evidence was insufficient to convict Petitioner of first-degree felony murder; the judge erred in denying the motion for a judgment notwithstanding the verdict, (2) the judge erred in allowing an unavailable witness' testimony from the preliminary examination to be admitted at trial when the prosecutor and police failed to exercise due diligence in finding the witness, (3)

the jury was not instructed on lesser included offenses; Petitioner's Fourteenth Amendment right to due process was violated, (4) ineffective assistance of appellate counsel, (5) the admission of the unavailable witness' preliminary examination testimony violated the Sixth Amendment right to confrontation, (6) the jury was not instructed on lesser included offenses; Petitioner's Fourteenth Amendment right to due process was violated (a duplicate claim to claim # 3), (7) prosecutorial misconduct, (8) ineffective assistance of trial counsel, and (9) cumulative error.

Respondent filed an answer to the petition on December 12, 2018. (ECF 16). Petitioner filed a reply brief on May 14, 2019 (ECF 23), which was beyond the May 7, 2019 due date for the reply to be filed. (ECF 19). Although the reply was filed out of time, in the interests of fairness, this Court accepted and reviewed Petitioner's reply brief. *See e.g. McGee v. Scism*, 463 F. App'x. 61, 64 (3rd Cir. 2012).

Petitioner in his reply brief agreed to withdraw his second and third claims. (ECF 23, Pg ID 1631). A habeas petitioner can withdraw a claim from a habeas petition as long as he or she does so knowingly, voluntarily, and intelligently. *See Daniel v. Palmer*, 719 F. Supp. 2d 817, 828 (E.D. Mich. 2010); *rev'd on other grds sub nom Daniel v. Curtin,* 499 F. App'x. 400 (6th Cir. 2012). Petitioner's second claim is intertwined with his fifth claim; Petitioner's third claim is virtually identical to his sixth claim. Although Petitioner wishes to withdraw these two claims, it is necessary to address them when adjudicating Petitioner's related claims.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
> > (1)  resulted in a decision that was contrary to, or involved
> > an unreasonable application of, clearly established Federal
> > law, as determined by the Supreme Court of the United
> > States; or
> > (2)  resulted in a decision that was based on an
> > unreasonable determination of the facts in light of the
> > evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question

of law or if the state court decides a case differently than the Supreme Court has on a set

of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An

"unreasonable application" occurs when "a state court decision unreasonably applies the

law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas

court may not "issue the writ simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established federal law

erroneously or incorrectly." *Id.* at 410-11.  "[A] state court's determination that a claim

lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on

the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101

(2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  To obtain habeas relief

in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.,* at 103. Habeas relief should be denied as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

Petitioner's fourth through ninth claims were raised in his post-conviction motion for relief from judgment. In reviewing a claim under the AEDPA's deferential standard of review, this Court must review "the last state court to issue a reasoned opinion on the issue." *Hoffner v. Bradshaw*, 622 F. 3d 487, 505 (6th Cir. 2010)(quoting *Payne v. Bell*, 418 F.3d 644, 660 (6th Cir. 2005). The Michigan Court of Appeals and the Michigan Supreme Court both denied Petitioner's post-conviction application for leave to appeal in unexplained one-sentence orders. Accordingly, this Court must "look through" these decisions to the Wayne County Circuit Court opinion denying the motion for relief from judgment, which was the last state court to issue a reasoned opinion. Then, the Court can decide whether that court's adjudication of Petitioner's claims was "contrary to," or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See Hamilton v. Jackson*, 416 F. App'x. 501, 505 (6th Cir. 2011). Although the state judge court judge procedurally defaulted the claims pursuant to M.C.R. 6.508(D)(3) because Petitioner failed to show cause and prejudice for failing to raise these claims on his appeal of right, she also denied Petitioner's post-conviction claims on the

merits, thus, the AEDPA's deferential standard of review applies to her opinion. *See Moritz v. Lafler*, 525 F. App'x. 277, 284 (6th Cir. 2013). [1]

### III. Discussion

### A. Claim # 1. The sufficiency of evidence claim.

Petitioner argues that the trial court erred in denying his renewed motion for a directed verdict. Petitioner claims that the prosecution presented insufficient evidence that he acted with malice, so as to support his first-degree felony murder conviction. [2] Petitioner claims that the evidence showed that the gun discharged accidentally during a struggle between him and Mr. Norris; Petitioner argues that the judge should have directed a verdict of acquittal on the first-degree felony murder charge.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970).

---

[1] Respondent urges this Court to procedurally default these claims because Petitioner failed to show cause and prejudice, as required by M.C.R. 6.508(D)(3), for failing to raise them on his appeal of right. Respondent argues that the prosecutorial misconduct claim is also procedurally defaulted because Petitioner failed to object at trial. Petitioner argues in his fourth claim that appellate counsel was ineffective for failing to raise his fifth through ninth claims on his appeal of right and in his eighth claim alleges that trial counsel was ineffective for failing to object to the prosecutorial misconduct. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of the defaulted claims, it would be easier to consider the merits of the claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004). Petitioner could not procedurally default his ineffective assistance of appellate counsel claim because post-conviction review was the first opportunity he had to raise this claim. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

[2] Petitioner's claim involving the trial court's failure to direct a verdict of acquittal is construed as an attack on the sufficiency of the evidence. *See United States v. Cope*, 312 F.3d 757, 778 (6th Cir. 2002).

But the crucial question on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). A court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the requisite elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

When considering a challenge to the sufficiency of the evidence to convict, the reviewing court gives circumstantial evidence the same weight as direct evidence. *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993). "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006)(internal quotation omitted); *See also Saxton v. Sheets*, 547 F.3d 597, 606 (6th Cir. 2008)("A conviction may be sustained based on nothing more than circumstantial evidence."). Moreover, "[c]ircumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003)(quoting *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 508, n.17 (1957)); *See also Holland v. United States*, 348 U.S. 121, 140 (1954)(circumstantial evidence is "intrinsically no different from testimonial evidence," and "[i]f the jury is convinced beyond a reasonable doubt, we can require no more"); *Harrington,* 562 U.S. at 113 ("sufficient conventional circumstantial evidence" supported the verdict).

A federal habeas court cannot overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Under Michigan law, the elements of first-degree felony murder are:

(1) the killing of a human being;
(2) with an intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with knowledge that death or great bodily harm is the probable result (i.e., malice);
(3) while committing, attempting to commit, or assisting in the commission of one of the felonies enumerated in the felony murder statute.

*Matthews v. v. Abramajtys*, 319 F. 3d 780, 789 (6th Cir. 2003)(*citing to People v. Carines*, 460 Mich. 750, 759; 597 N.W. 2d 130 (1999)).

The Michigan Supreme Court indicated that: "[A] jury can properly infer malice from evidence that a defendant set in motion a force likely to cause death or great bodily harm." *People v. Aaron*, 409 Mich. 672, 729; 299 N.W.2d 304 (1980); *See also Carines,*

460 Mich. at 759 (internal citation omitted). "Malice may also be inferred from the use of a deadly weapon." *Carines,* 460 Mich. at 759.

The elements of armed robbery under Michigan law are: (1) an assault, and (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon. *See O'Guin v. Foltz,* 715 F. 2d 397, 400 (6th Cir. 1983).

The Michigan Court of Appeals rejected Petitioner's sufficiency of evidence claim:

> The evidence, when viewed in the light most favorable to the prosecution, would justify a rational jury's finding that defendant shot Norris during the perpetration of the armed robbery. Investigator Charles Weaver, the officer in charge of the investigation, in his written synopsis of his interview with defendant noted that defendant admitted that, although he did not initially intend to go through with the robbery, he changed his mind when he saw that the other men in the car, Michael Johnson and Robert Doss, were speaking with "Cease" on the telephone. According to Johnson and Doss, defendant, once in the car, refused to remove the bullets from the gun and, after receiving money from Norris for the gun, pointed the gun at the men in the car and instructed them to empty their pockets and give him their money. Johnson attempted to give defendant some money and Doss attempted to hand over his cellular telephone. Defendant then pointed the gun at Norris, who grabbed it, and a struggle over the gun ensued. The struggle ended when Norris was shot. Because defendant had not yet escaped from the location of the armed robbery when Norris was shot, a rational jury would be justified in finding that Norris' death occurred during the perpetration of the armed robbery.
>
> In addition, the evidence, when viewed in the light most favorable to the prosecution, would justify a rational jury's finding that defendant acted with malice. As previously stated, defendant admitted to Weaver that, although he initially decided not to go through with the robbery, he changed his mind when he saw that the men in the car were talking on the telephone to Cease. Although defendant's intent to commit the armed robbery is not dispositive of whether defendant acted with malice, it remains relevant evidence. Defendant's intent to commit the armed robbery, along with the evidence that defendant had a loaded gun, refused to remove the bullets after twice being asked to do so, and pointed the gun at the men in the car, while robbing them, would justify a rational jury in finding that, at the very least, defendant intentionally created a very high risk of death or great bodily harm with

knowledge that death or great bodily harm was the probable result. The trial court did not err in denying defendant's renewed motion for a directed verdict.

*People v. Crummie,* 2013 WL 5663228, at * 2 (internal citations omitted).

The Michigan Court of Appeals' rejection of Petitioner's sufficiency of evidence claim was reasonable. Petitioner's act of pointing a loaded firearm at three men while demanding their money was sufficient evidence for a rational trier of fact to conclude that Petitioner acted with the requisite malice to support his first-degree felony murder conviction.

A defendant's participation in an armed robbery, while either he or she or his or her co-defendants were armed with a loaded firearm, manifests a wanton and reckless disregard that death or serious bodily injury could occur, to support finding that the defendant acted with the malice aforethought element of first-degree felony-murder. *See Hill v. Hofbauer,* 337 F.3d 706, 719-20 (6th Cir. 2003)(intent for felony murder "can be inferred from the aider and abettor's knowledge that his cohort possesses a weapon."). *See also People v. Carines,* 460 Mich. at 759-60; *Harris v. Stovall,* 22 F. Supp. 2d 659, 667 (E.D. Mich. 1998)*; People v. Turner,* 213 Mich. App. 558, 572-73; 540 N. W. 2d 728 (1995)*;overruled in part on other grounds People v. Mass,* 464 Mich. 615; 628 N.W. 2d 540 (2001); *People v. Hart*, 161 Mich. App. 630, 635; 411 N.W. 2d 803 (1987); *Meade v. Lavigne,* 265 F. Supp. 2d 849, 858-59 (E.D. Mich. 2003); *Cf. Redmond v. Jackson,* 295 F. Supp. 2d 767, 774 (E.D. Mich. 2003)(petitioner not entitled to tolling of the AEDPA's statute of limitations on a claim that he was actually innocent of felony-murder, finding that petitioner's act of providing a firearm to be used in an armed robbery demonstrated a

wanton and wilful disregard of the fact that a person could be killed or suffer great bodily harm during the course of the robbery).

The mere fact that the gun discharged after Mr. Norris reached for it in an attempt to disarm Petitioner does not negate the malice. When Petitioner committed the armed robbery, "he took the risk that [the victim] might exercise [his] natural right of self-preservation." *People v. Anderson*, 147 Mich. App. 789, 793; 383 N.W.2d 186 (1985). When viewed in a light most favorable to the prosecution, the evidence established that Petitioner acted with the requisite malice aforethought so as to support his conviction for first-degree felony murder. Petitioner is not entitled to habeas relief on his first claim.

**B. Claims # 2 and # 5. The unavailable witness/Confrontation Clause claims.**

The Court consolidates Petitioner's second and fifth claims because they are related. Petitioner in his second claim argues that the trial court erred in declaring Mr. Doss unavailable at trial, so as to allow his preliminary examination testimony to be read to the jury. In his fifth claim, Petitioner argues that the admission of Mr. Doss' preliminary examination testimony violated his Sixth Amendment right to confrontation.

Petitioner contends that the police and prosecutor failed to act with due diligence in securing Mr. Doss's attendance at trial, thus, the judge erred in finding Mr. Doss unavailable to testify at trial and allowing his preliminary examination testimony to be read into evidence.

The Michigan Court of Appeals rejected Petitioner's claim:

At the due diligence hearing, Weaver testified regarding his efforts to produce Doss at trial. He began his search for Doss immediately after

11

learning of the trial date and continued his efforts up until the day of the due diligence hearing. He called the telephone number and visited the address Doss had listed on his witness statement. The man who answered Weaver's telephone call told Weaver that he had the wrong number, and Weaver received no response at the address. Weaver contacted Doss' mother, who said that she was not in contact with Doss. He checked with the United States Postal Service for a forwarding address for Doss, but there was none. He contacted the Department of Agriculture to see if Doss had been assigned a Bridge Card, but there was no card assigned to him. The department gave Weaver an address for Doss' father, who possessed a Bridge Card. Weaver went to that address, but Doss' father no longer lived there. Weaver checked the Law Enforcement Information Network, but the system did not have a current address for Doss. In addition, Weaver contacted Doss' former school, the Oakland County Probation Department, local jails, and the Michigan Department of Corrections.

We conclude that the trial court did not abuse its discretion in finding that the prosecution exercised due diligence. As summarized above, Weaver made serious pretrial efforts to locate Doss, and there were no specific leads that Weaver did not follow[,]. Even if there were additional methods that Weaver could have used to locate Doss, the due diligence standard does not require that all efforts be exhausted. We reject defendant's argument that, because Doss had refused to provide Weaver with his home address before the preliminary examination, due diligence should have required the prosecution to obtain a detainer bond for Doss. Doss had not only provided an address and a telephone number in his witness statement, but the prosecutor at the time of the preliminary examination believed that Doss would appear for trial. It was on this recommendation that Weaver did not obtain a detainer bond. Under the circumstances, the trial court's determination that due diligence was exercised did not fall outside the range of reasonable and principled outcomes.

*People v. Crummie*, 2013 WL 5663228, at * 3 (internal citation omitted).

An exception to the confrontation requirement exists where a witness is unavailable and gave testimony at previous judicial proceedings against the same defendant which was subject to cross-examination. However, this exception does not apply "unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial."

*Barber v. Page*, 390 U.S. 719, 724-25 (1968). When prosecutors seek to admit a non-testifying witness' preliminary hearing testimony, the Confrontation Clause requires two things: first, the prosecution must establish that the declarant is "unavailable" by showing that prosecutorial authorities have made a good-faith effort to obtain the declarant's presence at trial, and, second, to satisfy the "indicia of reliability" requirement, the prosecution must demonstrate that the defendant had an adequate opportunity to cross-examine the declarant at the preliminary examination. *See Pillette v. Berghuis,* 630 F. Supp. 2d 791, 804 (E.D. Mich. 2009); *rev'd on other grds,* 408 F. App'x. 873 (6th Cir. 2010); *cert. den*. 132 S. Ct. 125 (2011)(*citing McCandless v. Vaughn*, 172 F. 3d 255, 265 (3rd Cir. 1999)). The lengths to which the prosecution must go to produce a witness, such that the admission of the witness' prior, confronted testimony at subsequent trial does not violate the Confrontation Clause, is a question of reasonableness. *Hardy v. Cross,* 565 U.S. 65, 70 (2011)(*quoting Ohio v. Roberts*, 448 U.S. 56, 74 (1980)). The Supreme Court noted that "when a witness disappears before trial, it is always possible to think of additional steps that the prosecution might have taken to secure the witness' presence, but the Sixth Amendment does not require the prosecution to exhaust every avenue of inquiry, no matter how unpromising." *Id.*, at 71-72. Significantly, "the deferential standard of review set out in 28 U.S.C. § 2254(d) does not permit a federal court to overturn a state court's decision on the question of unavailability merely because the federal court identifies additional steps that might have been taken." *Id*. at 72.

"A good-faith effort...is not an ends-of-the-earth effort, and the lengths to which the prosecution must go to obtain a witness generally amount to a question of reasonableness."

13

*United States v. Cheung*, 350 F. App'x. 19, 23 (6th Cir. 2009)(internal quotation marks, citations, and alterations omitted). The Court concludes, based on the steps taken in this case, that the prosecution and law enforcement made a good faith effort to locate Mr. Doss and present him at trial. *See Winn v. Renico,* 175 F. App'x. 728, 739 (6th Cir. 2006); *See also Pillette,* 630 F. Supp. 2d at 804. Although there may have been additional steps that the trial judge or the prosecutor or the police could have taken to secure Mr. Doss' presence, under the AEDPA's deferential standard of review, the Michigan Court of Appeals' rejection of Petitioner's claim was a reasonable determination, precluding habeas relief.

In addition, Mr. Doss's former preliminary examination testimony bore adequate indicia of reliability because it was made under oath, Petitioner and his counsel were present, and the witness was subject to cross-examination. *California v. Green*, 399 U.S. 149, 165-66 (1970); *Pillette,* 630 F. Supp. 2d at 804; *Eastham v. Johnson,* 338 F. Supp. 1278, 1280 (E.D. Mich. 1972). The admission of the preliminary examination testimony at Petitioner's trial did not violate his Sixth Amendment right to confrontation. *See Glenn v. Dallman,* 635 F. 2d 1183, 1187 (6th Cir. 1980); *Havey v. Kropp,* 458 F. 2d 1054, 1057 (6th Cir. 1972); *Pillette,* 630 F. Supp. 2d at 804-05. Petitioner is not entitled to habeas relief on his second and fifth claims.

## C. Claims # 3 and # 6. The lesser included offense instructions claim.

Petitioner argues that his right to due process was violated because the judge refused to instruct the jurors on several lesser included offenses.

The United States Supreme Court declined to determine whether the Due Process Clause requires that a state trial court instruct a jury on a lesser included offense in a non-capital case. *See Adams v. Smith,* 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003)(*citing to Beck v. Alabama,* 447 U.S. 625, 638, n. 4 (1980)).  A state trial court's failure to give the jury an instruction on a lesser included offense in a non-capital case is not contrary to, or an unreasonable application of, clearly established federal law as required for federal habeas relief. *Id.*  *Beck* was interpreted by the Sixth Circuit to mean that "the [federal] Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle,* 260 F. 3d 531, 541 (6th Cir. 2001).  Thus, the failure of a state trial court to instruct a jury on a lesser included offense in a non-capital case is not an error cognizable in federal habeas review. *Bagby v. Sowders*, 894 F. 2d 792, 797 (6th Cir. 1990); *See also Scott v. Elo,* 302 F. 3d 598, 606 (6th Cir. 2002).

The mere fact that Petitioner was charged with first-degree felony murder, which carries a sentence of life imprisonment without parole, does not mean that Petitioner was charged with a capital offense, within the meaning of the Supreme Court's holding in *Beck.*

In *Scott v. Elo,* 302 F. 3d at 606, the Sixth Circuit held that a criminal defendant who was convicted of first-degree murder in Michigan and sentenced to life imprisonment without parole was not entitled to habeas relief based upon the trial court's failure to instruct on the lesser offense of involuntary manslaughter.  In so ruling, the Sixth Circuit characterized the defendant's first-degree murder charge as being a conviction for a non-capital offense. *Id.*  Other circuits ruled that cases in which a defendant receives a sentence of life imprisonment without parole instead of the death penalty should be treated as a non-

capital case, as opposed to a capital case, for determining whether due process requires that a trial court is required to instruct jurors on lesser included offenses. *Creel v. Johnson,* 162 F. 3d 385, 390 (5th Cir. 1998); *Pitts v. Lockhart,* 911 F. 2d 109, 112 (8th Cir. 1990)*; Rembert v. Dugger*, 842 F. 2d 301, 303 (11th Cir. 1988); *Trujillo v. Sullivan*, 815 F. 2d 597, 602 (10th Cir. 1987).

Petitioner is not entitled to habeas relief.

**D. Claim # 7. The prosecutorial misconduct claims.**

Petitioner alleges that the prosecutor committed misconduct at the trial.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(*citing Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(*quoting Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo*, 416 U.S. at 643-45. To obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his or her prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 567 U.S. 37, 48 (2012)(*quoting Harrington*, 562 U.S. at 103).

Petitioner argues that the prosecutor committed misconduct by making references to Petitioner's membership in a gang, even though the judge ruled that the prosecutor could not mention Petitioner's involvement with a gang.

Petitioner's attorney filed a pre-trial motion *in limine* to exclude references to Petitioner's membership in a gang called "Bounty Hunter Bloods" as being irrelevant. The judge granted the motion and the prosecutor agreed with the ruling. (Tr. 3/27/12, p. 10)(ECF 17-3, Pg ID 435). Petitioner claims the prosecutor violated that ruling by eliciting testimony from Michael Johnson that, during the offense, Petitioner wore a red hat with "Joy Road" printed on it. (Tr. 3/29/12, pp. 38-39 (ECF 17-5, Pg ID 638-39). Doss' preliminary examination confirmed that Petitioner was wearing a "Joy Road hat." Doss also testified that Petitioner's nickname was "Drama." (Tr. 3/29/12, pp. 140–43)(ECF 17-5, Pg ID 740-43). Later, the prosecution admitted photographs, over defense objection, showing Petitioner wearing a red "Joy Road" hat obtained from a Facebook web page entitled, "Joy Road Exit Nine," as well as a photograph depicting Petitioner's tattoo, which read, "Drama." (Tr. 4/2/12, pp. 7–12)(ECF 17-7, Pg ID 880-885). The judge ruled that the probative value of the photographs "significantly outweighed" their prejudicial effect and were relevant to corroborating the identification testimony of Mr. Johnson and Mr. Doss. (*Id.*, p. 7). Petitioner claims that this evidence was an obvious references to Petitioner being in a gang.

Although Petitioner frames his claim as a prosecutorial-misconduct challenge, "it amounts in the end to a challenge to the trial court's decision to allow the introduction of this evidence." *Webb v. Mitchell*, 586 F. 3d 383, 397 (6th Cir. 2009). "A prosecutor may

rely in good faith on evidentiary rulings made by the state trial judge and make arguments in reliance on those rulings." *Cristini v. McKee*, 526 F.3d 888, 900 (6th Cir. 2008). The Sixth Circuit indicated that "[t]he Supreme Court has never held (except perhaps within the capital sentencing context) that a state trial court's admission of *relevant* evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F. 3d 536, 551 (6th Cir. 2012)(emphasis original).

The trial judge concluded that testimony and evidence that Petitioner wore a red "Joy Road Hat" and was nicknamed "Drama" was relevant to corroborating Mr. Doss' and Mr. Johnson's identification testimony. Assuming that this could be construed as evidence of gang membership, the admission of this evidence did not render Petitioner's trial fundamentally unfair because such evidence was relevant to the prosecutor's case. *See Blackmon,* 696 F. 3d at 556-57 (no habeas relief where evidence of gang membership relevant to witness bias and criminal motive). Petitioner is not entitled to relief because the judge's rejection of this claim on post-conviction review was not objectively unreasonable. *Id.* at 557.

Petitioner contends that the prosecutor committed misconduct in closing argument when he argued that "it's no accident" when a person intends to commit a robbery using a loaded gun in a confined space and that gun discharges. Rather, argued the prosecution, "you should expect it." (Tr. 4/3/12, p. 56)(ECF 17-8, Pg ID 1042). Petitioner claims that the prosecutor's argument was improper because it negated the prosecutor's need to prove the malice element of felony murder and also negated the jury instruction of accident.

The jury was instructed as to the malice element for first-degree felony murder and the accident defense and was also advised that closing arguments are not evidence. (Tr. 4/3/12, pp. 64, 82– 83, 87)(ECF 17-8, Pg ID 1050, 1068-69, 1073). In light of the trial court's instructions on the malice element and the accident defense, any alleged misstatements by the prosecutor concerning malice or the accident defense was harmless error at most. *See United States v. Deitz,* 577 F. 3d 672, 696-97 (6th Cir. 2009). In addition, prosecutors are given leeway to argue reasonable inferences from the evidence. *See Byrd v. Collins*, 209 F. 3d 486, 535 (6th Cir. 2000). The prosecutor's remarks were proper because they were based on reasonable inferences from the evidence. Petitioner is not entitled to relief.

### E. Claims # 4, 8. The ineffective assistance of counsel trial and appellate counsel claims.

Petitioner alleges he was denied the effective assistance of trial and appellate counsel.

A defendant must satisfy a two prong test to show that he or she was denied the effective assistance of counsel. First, the defendant must demonstrate that counsel's performance was so deficient that the attorney did not function as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. The defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such

performance prejudiced his or her defense. *Id.*  A defendant demonstrates prejudice by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  The burden is on the defendant who raises a claim of ineffective assistance of counsel, and not on the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).  The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. See *Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(*quoting Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).  "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (*citing Yarborough v. Alvarado*, 541 U.S. at 664).  Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.*  This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*,

562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (*quoting Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Because of this doubly deferential standard, the Supreme Court indicated that:

> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 562 U.S. at 105.

A reviewing court must not merely give defense counsel the benefit of the doubt; it must affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he or she did. *Cullen v. Pinholster,* 563 U.S. 170, 196 (2011).

Petitioner in his eighth claim alleges that trial counsel was ineffective for failing to object to the prosecutor's alleged misconduct.

To show prejudice under *Strickland* for failing to object to prosecutorial misconduct, a habeas petitioner must show that but for the alleged error of his or her trial counsel in failing to object to the prosecutor's improper questions and arguments, there is a reasonable probability that the proceeding would have been different. *Hinkle v. Randle,* 271 F. 3d 239, 245 (6th Cir. 2001). The prosecutor's comments did not deprive Petitioner of a fundamentally fair trial; Petitioner was not prejudiced by counsel's failure to object to these remarks. *Slagle v. Bagley ,* 457 F. 3d 501, 528 (6th Cir. 2006).

Petitioner argues that trial counsel was ineffective for preventing him from testifying in his own defense.

When a tactical decision is made by an attorney that a defendant should not testify, the defendant's assent is presumed. *Gonzales v. Elo*, 233 F. 3d 348, 357 (6th Cir. 2000). A federal court sitting in habeas review of a state court conviction should have "a strong presumption that trial counsel adhered to the requirements of professional conduct and left the final decision about whether to testify with the client." *Hodge v. Haeberlin*, 579 F. 3d 627, 639 (6th Cir. 2009)(internal citation omitted). To overcome this presumption, a habeas petitioner must present record evidence that he or she somehow alerted the trial court to his or her desire to testify. *Id.* The trial record shows no indication that Petitioner disagreed with counsel's advice to not testify; Petitioner did not overcome the presumption that he willingly agreed to this advice or that his counsel rendered ineffective assistance of counsel. *Gonzales,* 233 F. 3d at 357.

Moreover, Petitioner failed to show that he was prejudiced by counsel's advice concerning whether he should testify or not; he failed to detail what his proposed testimony would have been. *Hodge,* 579 F. 3d at 641 (defendant did not demonstrate prejudice required to establish claim of ineffective assistance of counsel based upon defense counsel's alleged impairment of his right to testify at capital murder trial where defendant did not provide details about substance of his testimony and merely speculated that his testimony would have had impact on jury's view of certain witnesses' credibility and of his involvement in murders). Petitioner is not entitled to relief on his eighth claim.

Petitioner in his fourth claim alleges that appellate counsel was ineffective for failing to raise his fifth through ninth claims on his appeal of right. Petitioner also claims that appellate counsel was ineffective for failing to present what make up his second and

third claims as federal constitutional issues on the appeal of right, forcing Petitioner to have to "federalize" these claims on post-conviction review.

The Sixth Amendment guarantees a defendant the right to effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court appointed counsel does not have a constitutional duty to raise every non-frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). A habeas court must defer twice: first to appellate counsel's decision not to raise an issue and secondly, to the state court's determination that appellate counsel was not ineffective. *Woods v. Etherton*, 136 S. Ct. 1149, 1153 (2016)(per curiam)("Given AEDPA, both Etherton's appellate counsel and the state habeas court were to be afforded the benefit of the doubt.").

Petitioner's fifth through ninth claims are meritless. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Petitioner also failed to show that appellate counsel's alleged failure to "federalize" his second and third claims was ineffective because regardless of whether the claims were presented as a federal claim to the state courts, the claims are meritless. *See Burger v. Prelesnik,* 826 F. Supp. 2d 997, 1012 (E.D. Mich. 2011).

Petitioner alleges that appellate counsel was ineffective for failing to have Petitioner's videotaped statement to the police transcribed, even though it was played for the jury.

Conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief. See *Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998). Petitioner does not identify anything from his videotaped statement to the police that would provide a basis to reverse his conviction; Petitioner was not prejudiced by any failure of appellate counsel to fail to provide a transcript of the videotaped statement to the Michigan Court of Appeals. *See Bransford v. Brown*, 806 F. 2d 83, 87 (6th Cir. 1986).

### F. Claim # 9. Cumulative error.

Petitioner contends that he is entitled to habeas relief because of cumulative error.

The cumulative weight of alleged constitutional trial errors in a state prosecution does not warrant federal habeas relief, because there is no clearly established federal law permitting or requiring the cumulation of distinct constitutional claims to grant habeas relief. *Moore v. Parker,* 425 F. 3d 250, 256 (6th Cir. 2005). Petitioner is not entitled to habeas relief based on cumulative error. *Id.*

### IV. Conclusion

The Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability to Petitioner. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability; he failed to make a substantial showing of the denial of a federal constitutional right. *See Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

Although the Court denies a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is lower than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.

Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous. Therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V. **ORDER**

**The Court DENIES** the Petition for Writ of Habeas Corpus and a Certificate of

Appealability**.**

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

s/ Victoria A. Roberts
**HON. VICTORIA A. ROBERTS**
**UNITED STATES DISTRICT JUDGE**

Dated: 7/30/19